UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CRIMINAL ACTION NO. 3:09 CR-118-H

FILED
Jeffrey A. Apperson, Clerk
MAY 1 4 2010
U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES OF AMERICA  PLAINTIFF

VS

ADAM SAEED-WATARA  DEFENDANT

## JURY INSTRUCTIONS

**Members of the Jury,** now that you have heard all the evidence and the argument of the attorneys, it is my duty to give you instructions regarding the law that you must follow in deciding this case.

It is your duty to decide whether the United States has proved beyond a reasonable doubt the specific facts necessary to find the defendant guilty of the crimes charged in the indictment.

You must make your decision only on the basis of the testimony and other evidence presented here during the trial; and you must not be influenced in any way by either sympathy, prejudice, or bias for or against the defendant or the United States. Justice through trial by jury must always depend upon the willingness of each individual juror to seek the truth from the evidence presented and to apply that truth to the legal instructions I give you.

You must follow the law as I explain it to you whether you agree with it or not; and you must follow all of my instructions as a whole. You may not single out, or disregard, any of the Court's instructions on the law.

1

The indictment or formal charge against the defendant is not evidence of guilt. The defendant is presumed by the law to be innocent. The law does not require a defendant to prove his innocence or produce any evidence at all. The United States has the burden of proving the defendant guilty beyond a reasonable doubt, and if it fails to do so you must find the defendant not guilty.

Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. Possible doubts or doubts based purely on speculation are not reasonable doubts. A reasonable doubt is a real doubt based on reason and common sense after careful and impartial consideration of all the evidence in the case. It may arise from the evidence, the lack of evidence, or the nature of the evidence.

Proof beyond a reasonable doubt, therefore, is proof that is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives. If you are convinced that the United States has proved each defendant guilty beyond a reasonable doubt, say so by returning a guilty verdict. If you are not convinced, say so by returning a not guilty verdict.

As I explained previously, you must decide what the facts are from the evidence that you saw and heard here in court. You may consider only the evidence that I have admitted in this case. The term "evidence" includes the sworn testimony of the witnesses and the exhibits admitted in the record. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

Remember that anything the lawyers say is not evidence in the case. It is your own recollection and interpretation of the evidence that controls. What the lawyers say is not binding

upon you.

In considering the evidence you may draw reasonable inferences, deductions, and conclusions from the testimony and exhibits which reason and common sense lead you to make.

In saying that you must consider all the evidence, I do not mean that you must necessarily accept all of the evidence as true or accurate. You are the sole judges of the credibility or believability of each witness and the weight to be given to the testimony of each witness.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the person impress you as one who was telling the truth? Did he or she have any particular reason not to tell the truth? Did he or she have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did he or she appear to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses?

In this case, you heard testimony that two witnesses, Willie Caudle and Irene Dunah, have been promised reduced criminal liability in exchange for their testifying. It is permissible for the government to make such promises. However, you should consider the testimony of these witnesses with more caution than the testimony of other witnesses, because the testimony may have been influenced by the government's promises. In the end, however, it is for you to determine whether the testimony was credible and what weight it should receive in your deliberations.

You also heard that Ms. Dunah has entered a guilty plea on charges related to this action. Aside from the consideration noted in the above paragraph, Ms. Dunah's guilty plea should have

3

no impact on your consideration of the case or the evidence against the defendant. You must consider the defendant's actions separately and must determine whether the Government has proved, beyond a reasonable doubt, that the defendant committed the indicted charge.

Additionally, you have heard expert testimony. An expert witness is one who has special training or experience in a technical field. That person is allowed to express his or her opinion concerning those technical matters. Merely because an expert witness has expressed an opinion, however, does not mean that you must accept that opinion. Just as it is with any other witness, it is up to you to decide whether to rely on an expert's testimony

A defendant has an absolute right not to testify. A defendant need not prove anything. Therefore, the fact that a defendant did not testify or did not call any witnesses cannot be considered by you in any way during your deliberations.

Do not make any decisions based only on the number of witnesses who testified. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves. Remember, witnesses are not the property of either the defendant or the United States; they merely give testimony which you should consider. Concentrate on that, not the numbers.

The lawyers for both sides objected to some of the things that were said or done during the trial. Do not hold that against either side. The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial.

Also, do not interpret my rulings on their objections as any indication of how I think the case should be decided. My rulings were based on the rules of evidence, not on how I feel about

the case.

In this case, the indictment charges one offenses called a "count." The defendant is on trial only for the particular crimes charged in the indictment. For this one count, you must decide whether the government has presented proof beyond a reasonable doubt that the defendant is guilty of that particular charge.

# INSTRUCTION NO. 1

Count I of the Indictment accuses the defendant of conspiracy to knowingly and intentionally distribute and possess with intent to distribute one kilogram or more of a mixture and substance containing a detectable amoutn of heroin, a controlled substance, in violation of federal law. It is a crime for two or more persons to conspire, or agree, to commit a criminal act, even if they never actually achieve their goal.

A conspiracy is a kind of criminal partnership. For you to find the defendant guilty of conspiracy, you must find that the Government has proved each and every one of the following elements beyond a reasonable doubt:

(1) That two or more persons conspired, or agreed, to knowingly and intentionally distribute or possess with the intent to distribute one kilogram or more of a mixture or substance containing a detectable amount of heroin, a controlled substance;

(2) The defendant knowingly and voluntarily joined the conspiracy; and

(3) The defendant participated in the conspiracy.

You must be convinced that the government has proved all of these elements beyond a reasonable doubt in order to find the defendant guilty.

With regard to the first element, the government must prove a conspiracy, which is a criminal agreement. This does not require proof of any formal agreement, written or spoken. Nor does this require proof that everyone involved agreed on all the details. But proof that people simply met together from time to time and talked about common interests, or engaged in similar conduct, is not enough to establish a criminal agreement. These are things that you may

consider in deciding whether the Government has proved an agreement, but without more they are not enough.

What the government must prove is that there was a mutual understanding, either spoken or unspoken, between two or more people, to cooperate with each other to commit the crime of knowingly and intentionally distributing or possessing with the intent to distribute one kilogram or more of a mixture or substance containing a detectable amount of heroin. An agreement can be proved indirectly, by facts and circumstances which lead to a conclusion that an agreement existed. But it is up to the Government to convince you that such facts and circumstances existed in this particular case.

In determining whether the government had proved an agreement, you should know that a government agent cannot be a member of the conspiracy. In this case, we heard that Willie Caudle was working as a government agent. Therefore, an agreement solely between the defendant and Mr. Caudle is not enough to find the defendant guilty of conspiracy. The Government must show an agreement between the defendant and some other individual who was not a government agent.

As a part of reaching your decision, it is important to understand the legal meaning of the word "possession." The law recognizes two kinds of possession - actual possession and constructive possession. Either one of these, if proved by the Government, is enough to show possession. Actual possession simply means that a member of the conspiracy had direct, physical control over the alleged drugs and knew that he had control of them. Constructive possession is present where a member of the conspiracy had the right to exercise physical control over the alleged drugs, knew that he had this right and intended to exercise physical control over

the alleged drugs at some time, either directly or through other persons. Understand that just being present where something is located does not equal possession. A person that touches or briefly handles an item that does not belong to him is not considered to have possessed the item.

The first element also requires that the defendant acted knowingly. The term "knowingly," as used in these instructions means that the defendant was conscious and aware of his actions, realized what he was doing or what was happening around him, and did not act because of ignorance, mistake or accident.

Under the second element, the Government must show that the defendant knowingly and voluntarily joined the agreement. To convict the defendant, the Government must prove that he knew the conspiracy's main purpose, and that he voluntarily joined it intending to help advance or achieve its goals. This does not require that the defendant knew everything about the conspiracy, or everyone else involved, or that he was a member of it from the beginning. Nor does it require proof that the defendant played a major role in the conspiracy, or that his connection to it was substantial. A slight role or connection may be enough.

However, proof that the defendant simply knew about a conspiracy, or was present at times, or associated with members of the group, is not enough, even if he approved of what was happening or did not object to it. Similarly, just because a defendant may have done something that happened to help a conspiracy does not necessarily make him a conspirator. These are all things that you may consider in deciding whether the government has proved that the defendant joined the conspiracy. But without more they are not enough.

What the Government must prove is that the defendant knew the conspiracy's main purpose and that he voluntarily joined it intending to help advance or achieve its goals. The

8

defendant's knowledge can be proved indirectly by facts and circumstances which lead to a conclusion that he knew the conspiracy's main purpose.

Some of the individuals alleged to be involved in these events are not on trial. This does not matter. There is no legal requirement that all members of a conspiracy be charged and prosecuted, or tried together in one proceeding. Nor is there any requirement that the names of all the other conspirators be known. An indictment can charge a defendant with a conspiracy involving people whose names are not known, as long as the government can prove that the defendant conspired with one or more of them. Whether they are named or not does not matter.

Finally, under the third element, the government must show that the defendant participated in the conspiracy. For the conspiracy to exist, there must be proof that some member of the conspiracy committed an overt act in furtherance of the conspiracy. However, the Government need not show that it was the defendant who committed that overt act. Rather, it need only show that the defendant participated in the conspiracy itself.

**If you are convinced that the government has proved all of these elements beyond a reasonable doubt, say so by returning a guilty verdict in the appropriate space under Count No. 1 on the Verdict Form. If you have a reasonable doubt about any of these elements, then you must find the Defendant not guilty.**

Any verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree. Your verdict must be unanimous.

To find the defendant guilty, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves his guilt beyond a reasonable doubt.

To find him not guilty, every one of you must agree that the government has failed to convince you beyond a reasonable doubt.

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room. It is your duty as jurors to consult with one another, and to deliberate with a view toward reaching agreement, if you can do so without violence to individual judgment. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say.

You must decide the case for yourself, but only after an impartial consideration of the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of the evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember, you are the judges of the facts. Your only interest is to seek the truth from the evidence in the case.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. So you should all feel free to speak your minds.

If you decide that the government has proved the defendant guilty, then it will be my job

to decide what the appropriate punishment should be. It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict. Your job is to look at the evidence and decide if the government has proved the defendant guilty beyond a reasonable doubt.

Upon retiring to the jury room, you will select one of your number to act as your foreperson. The foreperson will preside over your deliberations and will be your spokesperson here in court.

A Verdict Form has been prepared for your convenience. You will take this form to the jury room and, if and when you have reached unanimous agreement as to your verdict, you will have your foreperson fill in, date, and sign the forms which set forth the verdict with respect to each count in the case. You will then return with your verdict to the courtroom.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CRIMINAL ACTION NO. 3:09 CR-118-H

UNITED STATES OF AMERICA                                            PLAINTIFF

VS

ADAM SAEED-WATARA                                                   DEFENDANT

## VERDICT FORM

Count 1: Conspiracy

We, the jury, find the defendant, **Adam Saeed-Watara:**

GUILTY _____           NOT GUILTY _____


_____                          _____
DATE                                                FOREPERSON

                                                    JUROR NO. _____