UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CRIMINAL ACTION NO. 3:09-CR-00118-TBR

UNITED STATES OF AMERICA                                                        PLAINTIFF

v.

ADAM SAEED-WATARA                                                              DEFENDANT

**Memorandum Opinion and Order**

This matter is before the Court upon Defendant Adam Saeed-Watara's *pro se* "expedited motion for immigration departure."  [DN 136.]  The United States has responded, [DN 137], and the time for filing a reply has passed.  Defendant's motion is ripe for adjudication, and for the following reasons, it is DENIED.

Following a 2010 jury trial, Defendant Saeed-Watara was found guilty of one count of conspiracy to possess heroin with intent to distribute.  [DN 70.]  He was initially sentenced to 121 months' imprisonment, and his conviction was upheld on direct appeal. [DN 78; DN 94.]  This Court similarly denied Defendant's motion to vacate his sentence under 28 U.S.C. § 2255, but did reduce his sentence by one month pursuant to the retroactive application of an adjustment in the applicable sentencing guidelines.  [DN 107; DN 129.]

Defendant now moves this Court to reduce his sentence by up to six months because as a deportable alien, he is ineligible for community confinement under 18 U.S.C. § 3624(c).  That statute authorizes the Bureau of Prisons (BOP) to allow a prisoner to spend the last portion of his sentence in a community correctional facility or under home confinement.  18 U.S.C § 3624(c).  But as Defendant admits

1

2

and other courts have recognized, BOP regulations do not ordinarily allow deportable aliens to be placed in community confinement. *United States v. Soto*, 976 F. Supp. 1367, 1368 (D. Ore. 1997); *Lartey v. U.S. Dep't of Justice*, 790 F. Supp. 130, 133 (W.D. La. 1992). Additionally, deportable aliens are not eligible to be housed in minimum-security prisons. *United States v. Ebolum*, 72 F.3d 35, 38 (6th Cir. 1995). Defendant argues that because he is ineligible for these preferred placements, this Court should reduce his sentence so that his punishment is not more severe than it would otherwise be if he was a United States citizen.

However, this Court does not possess the necessary jurisdiction to entertain Defendant's motion. District courts may modify a defendant's sentence after it has been imposed under only the limited set of circumstances set out in 18 U.S.C. § 3582(c). None of those circumstances apply here.[1] Furthermore, none of the statutes referenced by Defendant vest this Court with jurisdiction to modify his sentence. 8 U.S.C. § 1252 pertains only to judicial review of orders of removal. But here, Defendant is seeking a sentence reduction, not a change in his status as a deportable alien. Similarly, 28 U.S.C. §§ 2201 and 2202 grant the Court jurisdiction to hear declaratory judgment actions, and do not apply to the case at bar.

The cases cited by Defendant in support of his motion are also readily distinguishable. The D.C. Circuit held in *United States v. Smith*, 27 F.3d 649, 650

---

[1] Defendant, not the Director of the Bureau of Prisons, made the instant motion, so 18 U.S.C. § 3582(c)(1)(A) does not apply. Section 3582(c)(1)(B) does not apply because neither another statute nor Federal Rule of Criminal Procedure 35 permits the type of sentence modification Defendant seeks. And Defendant is not moving for a reduction in sentence based upon a change in the sentencing guidelines, so § 3582(c)(2) is also inapplicable.

(D.C. Cir. 1994) that the sentencing court "may depart below the range indicated by the Sentencing Guidelines where the defendant, solely because he is a deportable alien, faces the prospect of objectively more severe prison conditions than he would otherwise." But while *Smith* authorizes a court to make such a departure at sentencing, it does not vest the court with jurisdiction to modify an already-imposed sentence when the applicable statute does not provide for that type of adjustment. What's more, *Smith* falls on the defendant-friendly side of an unresolved circuit split regarding whether immigration-related departure is available. *Compare id. with United States v. Restrepo*, 999 F.2d 640, 645-47 (2d Cir. 1993) (deportable alien status not a proper basis for departing downward). The Sixth Circuit, however, "ha[s] not taken a position on whether deportable alien status could be a basis for departure." *United States v. Mendez*, 362 F. App'x 484, 488 n.4 (6th Cir. 2010). Rather, in this Circuit, the sentencing court may conclude that "potential deportation and fewer prison opportunities should be a reason for downward variance . . . [or] that a person granted the benefit of entry to the country should be subject to an upward variance for abusing the privilege," based upon the facts of the individual case. *United States v. Petrus*, 588 F.3d 347, 356 (6th Cir. 2009). Therefore, even if this Court were empowered to grant the departure that Defendant seeks, it would be discretionary, not mandatory.

What is mandatory, however, is the length of Defendant's sentence. As the Sixth Circuit has recognized, the jury convicted Defendant of conspiring to possess with intent to distribute one kilogram or more of heroin, a crime that carries with it

3

a ten-year mandatory minimum under 21 U.S.C. § 841(b)(1)(A). *United States v. Saeed-Watara*, 638 F. App'x 483, 484 (6th Cir. 2016). This Court has already reduced Defendant's sentence to 120 months – the lowest figure possible under the statute. In other words, no further downward departure is possible.

### IV. Conclusion

Pursuant to 18 U.S.C. § 3582(c), this Court is without jurisdiction to entertain Defendant's motion for a reduction in his sentence. Moreover, even if this Court did possess the necessary jurisdiction, the adjustment Defendant seeks is discretionary, and could not be applied in this case because Defendant is currently serving a 120-month mandatory minimum sentence. Therefore, for the foregoing reasons, IT IS HEREBY ORDERED:

Defendant Adam Saeed-Watara's motion for downward departure [DN 136] is DENIED.

CC: Counsel of Record
Defendant, *pro se*